RAB:RLC/LXN/CSK
F.#2012R01644

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.

★ NOV 1 6 2012 ★

BROOKLYN OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

- against -

ROBERTO MATA,

    Defendant.

- - - - - - - - - - - - - - - - -X

I N F O R M A T I O N

Cr. No. 12-674 (JBW)
(T. 18, U.S.C.,
§§ 666(a)(1)(B),
981(a)(1)(C), 2 and
3551 et seq.; T. 21,
U.S.C., § 853(p); T. 26,
U.S.C., § 7206(1);
T. 28, U.S.C. § 2461(c))

THE UNITED STATES ATTORNEY CHARGES:

COUNT ONE
(Bribery)

  1. In or about and between September 2007 and January 2011, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant ROBERTO MATA, being an agent of an organization, to wit: Consolidated Edison Company of New York, Inc. ("Con Ed"), that received benefits in excess of $10,000 in Federal assistance in a one-year period, did knowingly, intentionally and corruptly solicit, demand, accept and agree to accept something of value from another person, to wit: John Doe, an individual whose identity is known to the United States Attorney, intending to be influenced

Case 1:12-cr-00674-ARR   Document 3   Filed 11/16/12   Page 2 of 4 PageID #: 5

2

and rewarded in connection with business and a series of transactions of Con Ed, involving things of value of $5,000 or more.

(Title 18, United States Code, Sections 666(a)(1)(B), 2 and 3551 et seq.)

## COUNT TWO
(Fraud and False Statements in a Tax Return)

2. On or about December 31, 2010, within the Eastern District of New York and elsewhere, the defendant ROBERTO MATA, a resident of Nassau County, New York, together with others, did knowingly and willfully make and subscribe a U.S. Individual Income Tax Return, Form 1040, for the tax year ending December 31, 2010, which was verified by a written declaration that it was made under the penalties of perjury and which was filed with the Internal Revenue Service, which return the defendant ROBERTO MATA did not believe to be true and correct as to every material matter, in that MATA reported taxable income of $200,085 when in fact, as he then and there well knew and believed, his taxable income was in excess of that amount.

(Title 26, United States Code, Section 7206(1); Title 18, United States Code, Sections 2 and 3551 et seq.)

CRIMINAL FORFEITURE ALLEGATION

3. The United States hereby gives notice to the defendant that, upon his conviction of the offense charged in Count One herein, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such offense to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offense, including but not limited to, a sum of money equal to One Hundred Thousand Dollars and no Cents ($100,000.00) in United States currency.

4. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

   (a) cannot be located upon the exercise of due diligence;

   (b) has been transferred or sold to, or deposited with, a third party;

   (c) has been placed beyond the jurisdiction of the court;

   (d) has been substantially diminished in value; or

   (e) has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28,

4

United States Code, Section 2461(c), to seek forfeiture of any other property of such defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 28, United States Code, Section 2461(c); Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p)).

> LORETTA E. LYNCH
> UNITED STATES ATTORNEY
> EASTERN DISTRICT OF NEW YORK
>
> *[signature]*
> UNITED STATES ATTORNEY
> PURSUANT TO 28 C.F.R. 0.136